**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:25-CV-00135-KDB**

| | |
|---|---|
| **CHARLES KURFEES,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **FRANK BISIGNANO,** <br> **COMMISSIONER OF SOCIAL** <br> **SECURITY,** <br><br> **Defendant.** | **<u>MEMORANDUM AND</u>** <br> **<u>ORDER</u>** |

**THIS MATTER** is before the Court on Plaintiff Charles Kurfees' appeal of an unfavorable administrative decision denying his application for disability insurance benefits under the Social Security Act. Doc. No. 3. Having reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Defendant Commissioner's decision to deny Kurfees Social Security benefits does not fully address all the material circumstances of his alleged disability, specifically with respect to whether absenteeism limitations should be a part of his residual functional capacity. Accordingly, the Court will **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I.    PROCEDURAL BACKGROUND

On May 8, 2023, Plaintiff Charles Kurfees applied for disability insurance benefits under Title II of the Social Security Act, alleging that he had been disabled since October 27, 2021. Doc. No. 2-2 at 15. Kurfees' claim was denied initially and upon reconsideration. *Id.* Kurfees then requested a hearing before an Administrative Law Judge ("ALJ"), where he was represented by

1

counsel. *Id.* After conducting the hearing, ALJ Emily Howard denied Kurfees' application in a decision dated February 28, 2025. *Id.* at 27. The Appeals Council denied Kurfees' request for review; thus, the ALJ's determination stands as the final decision of the Commissioner. *See* Doc. No. 2-2 at 16. Kurfees now timely seeks judicial review under 42 U.S.C. § 405(g).

## II.  THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process ("SEP") established by the Social Security Administration ("SSA") to determine whether Kurfees was disabled under the law during the relevant period.[1] At step one, the ALJ found that although Kurfees had engaged in substantial gainful activity after the alleged onset date ("AOD") between January and September 2023, there had been a continuous 12-month period during the relevant period in which he did not. *Id.* at 18 (citing 20 C.F.R. §§ 404.1571, *et seq.*, 416.971 *et seq.*). At step two the ALJ determined that Kurfees had the following severe impairments: "post-COVID 19 syndrome, chronic obstructive pulmonary disease (COPD), obesity, migraines, and chronic fatigue syndrome (20 [C.F.R. §] 404.1520(c)." *Id.* At step three, the ALJ found that none of Kurfees' impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). *Id.* at 20.

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but under step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

Before proceeding to step four, the ALJ determined that Kurfees had the following residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) except lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; constantly climbing ramps or stairs, balancing, stooping, kneeling, crouching, crawling or climbing ladders, ropes or scaffolds; avoiding concentrated exposure to extreme heat, to humidity, to fumes, odors, dusts, gasses, poor ventilation to, hazards such as unprotected heights; and avoiding moderate exposure to a noise intensity level above the moderate level.

*Id.* at 21.

At step four, the ALJ found that Kurfees was able to perform past relevant work as a commanding officer in a police department and door to door sales representative. *Id.* at 25. Finally, at step five, the ALJ concluded that there were additional jobs in significant numbers in the national economy that Kurfees could perform based on his age, education, work experience, and RFC. *Id.* at 26. These jobs included meat clerk, sandwich maker, and coffee maker. *Id.* Thus, the ALJ found that Kurfees was not disabled under the Social Security Act from October 27, 2021, through the date of her decision. *Id.* at 27.

### III.   LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025); *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 98-99 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 102 (citation modified). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). "This isn't a high threshold." *Drumgold*, 144 F.4th at 604. Accordingly, this Court does not review a final decision of the Commissioner *de novo, Metcalf v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Drumgold*, 144 F.4th at 604; *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not." *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction "is so narrow that it is often very difficult for a court to decide upon which side of the line evidence falls"). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that "scintilla is Latin for 'whatever a judge wants it to mean.' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

4

evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation modified). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id*. (citation modified); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, the Court must always ensure that proper legal standards are being followed. *Long v. Kijakazi,* No. 1:22-CV-00091-KDB, 2022 WL 18026331, at *2–3 (W.D.N.C. Dec. 30, 2022).

## IV. DISCUSSION

Kurfees asks the Court to remand his case, arguing that the ALJ erred by failing to "apply the correct legal standards or adequately account for the limiting effects of Kurfees' migraines on a regular and continuing basis," thereby rendering the decision unsupported by substantial evidence. Doc. No. 3 at 10. He alleges that although the record demonstrates a variety of medication therapies, which were helpful in reducing his migraine frequency by approximately 50%, he still experienced "frequent, prolonged migraines" that would impact his ability to sustain work on a "regular and continuing basis." *Id.* at 5, 10. More specifically, Kurfees contends that because he has migraines that could result in intermittent absences, the ALJ should have included an absenteeism limitation in the RFC—or explained why such a limitation was unnecessary.

The Court agrees with Kurfees. Recently, in *Woody v. Kijakazi*, No. 22-1437, 2023 WL 5745359 (4th Cir. Sept. 6, 2023), the Fourth Circuit addressed a nearly identical issue. There, the claimant argued that the ALJ failed to explain how the RFC accounted for her headaches,

particularly with respect to how often they would cause her to miss work. *Id.* at *1. The court agreed, emphasizing that the vocational expert had testified that more than one absence per month would preclude full-time employment. *Id.* Although the *Woody* claimant's treatment reduced the frequency of her headaches, she continued to report weekly episodes, and the record did not establish whether those headaches remained severe enough to cause work absences. *Id.* Because the ALJ made no specific factual findings on that point and did not otherwise include an absenteeism limitation or explain how the RFC accommodated any potential absences, the Fourth Circuit held that the ALJ committed legal error. *Id.* The court remanded the case, noting that the ALJ must reach an express conclusion in the first instance on whether the frequency and severity of the claimant's headaches would result in more than one absence per month. *Id.* at *1–2.

Here, as in *Woody*, the VE testified that one absence a month or up to 14% off-task time would be tolerated in the workplace. Doc. No. 2-2 at 90. And again, as in *Woody,* the record shows that although Kurfees reported a substantial reduction in the frequency and severity of his migraines with treatment, he continued to experience them approximately once a week. It is unclear from the record whether these migraines would cause him to miss work when they occurred. Because the ALJ neither resolved this question nor explained why the RFC nonetheless accommodated Kurfees' migraines (or included an absenteeism limitation), the Court cannot determine whether the RFC is supported by substantial evidence. Without such findings, meaningful judicial review is impossible. *See Patterson v. Comm'r of Soc. Sec. Admin.,* 846 F.3d 656, 663 (4th Cir. 2017) (failure of the ALJ to "show his work" rendered the decision unreviewable).

6

Accordingly, the Court will **REVERSE** the Commissioner's ruling and **REMAND** to the ALJ for additional consideration of whether/how Kurfees' migraines impact his ability to work.[3]

## I. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

The Commissioner's decision denying Kurfees' application for disability and other benefits is **REVERSED.** This matter is **REMANDED** to the ALJ for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 9, 2026

Kenneth D. Bell
United States District Judge

---

[3] To be clear, the Court expresses no opinion as to whether Kurfees should be found disabled, or whether he does or does not require additional limitations to his RFC. The Court only seeks to ensure that the ALJ's decision properly considers the relevant evidence and provides an appropriate explanation.